UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NEB MORROW, III,

                    Plaintiff,

     v.

BAUERSFELD, et al.,

                    Defendants.

9:19-CV-1628
(DNH/CFH)

---

APPEARANCES:

NEB MORROW, III
10-A-6112
Plaintiff, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. LETITIA JAMES
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

LAUREN ROSE EVERSLEY, ESQ.
Ass't Attorney General

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

I.     **INTRODUCTION**

Plaintiff Neb Morrow, III commenced this action pro se by filing a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). On January 2, 2020, the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 2.

Thereafter, plaintiff filed an amended complaint, together with an application to proceed in forma pauperis and the inmate authorization form required in this District, and the Clerk was directed to reopen this action and restore it to the Court's active docket. *See* Dkt. No. 3 ("Am. Compl."); Dkt. No. 4 ("IFP Application"); Dkt. No. 5 ("Authorization Form"); Dkt. No. 6 ("Re-Opening Order").

By Decision and Order filed February 27, 2020, the Court granted plaintiff's IFP Application and, following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed some of plaintiff's claims and some of the named defendants and directed service and a response for the claim against defendant Bauersfeld that survived sua sponte review. Dkt. No. 7 ("February 2020 Order").

Presently before the Court is plaintiff's second amended complaint. Dkt. No. 17 ("SAC").

## II.     SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

### A.     The Amended Complaint and February 2020 Order

In his amended complaint, plaintiff asserted claims based on alleged wrongdoing that occurred while he was incarcerated at Auburn Correctional Facility. *See generally* Am. Compl.

The amended complaint was construed to assert the following claims: (1) First Amendment retaliation claims against defendants Bauersfeld, Graham, Van Fleet, and Perkins; and (2) a Fourteenth Amendment disciplinary due process claim against defendant Bauersfeld. *See* February 2020 Order at 7-8.

After reviewing the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that plaintiff's First Amendment retaliation claim against

2

defendant Bauersfeld survived sua sponte review, and dismissed the remaining claims without prejudice as untimely. *See* February 2020 Order at 8-15.

Plaintiff was afforded leave to amend with respect to his Section 1983 claims that were dismissed without prejudice, and advised that any amended pleading must include allegations explaining why his claims against the defendants are timely; i.e., that either the "continuing violation doctrine" or "the equitable tolling doctrine" is applicable to such claims. *Id*. at 15-16.

### B.   Overview of the Second Amended Complaint

Plaintiff's second amended complaint is materially similar to his amended complaint, except that the second amended complaint provides additional allegations in support of the previously dismissed claims, as well as allegations regarding the timeliness of these claims. *See generally*, SAC.[1]  With respect to the issue of timeliness, the following facts are set forth as alleged in the second amended complaint.

On May 9, 2016, plaintiff submitted a complaint regarding defendant Van Fleet's "misuse of the morning count wake-up alarm bell[.]" SAC at 2.  On May 10, 2016, plaintiff submitted another complaint, which he addressed to defendant Superintendent Graham, about defendant Van Fleet's "continued abuse of the bell[.]" *Id*. at 2-3.  Later that day, defendant Van Fleet "confront[ed] plaintiff about the complaint" and "ordered the morning shift guards, in plaintiff's presence, to lie on misbehavior reports and lock up everyone that isn't on their gate, standing after the bell rings for ten minutes." *Id*. at 3.  Defendant Van Fleet "told plaintiff that because plaintiff went over his head, the bell would be rung the next

---

[1] Throughout the second amended complaint, plaintiff references exhibits that were attached to the amended complaint.  *See generally*, SAC.  The Court has considered these exhibits as part of its sufficiency review herein.

morning for 10 minutes non-stop[.]"  *Id*.  Plaintiff wrote a complaint to defendant Graham regarding this incident, and sent copies of his complaint to state officials outside of the New York State Department of Corrections and Community Supervision.  *See* Dkt. No. 3-2 at 4-6, 8-10.

On May 12, 2016, defendant Van Fleet and two other non-party officials referred to plaintiff as the "Superintendent's rat" in the presence of others.  SAC at 4.  Later that day, plaintiff filed a grievance regarding this incident.  Dkt. No. 3-2 at 16-18.

On May 17, 2016, plaintiff was escorted away from his cell so that he and his cell could be searched.  SAC at 4-5.  During the search of plaintiff's cell, defendant Perkins planted a weapon, which resulted in plaintiff's receipt of a misbehavior report.  *Id*. at 5.

On May 18, 2016, plaintiff filed a grievance against defendant Perkins for planting a weapon in his cell.  SAC at 5.  On May 24, 2016, plaintiff filed a harassment grievance against defendant Graham "complaining about [his] inaction [as Superintendent,] which led to the incident of plaintiff being framed by Perkins for [defendant] Van Fleet."  *Id*.  These grievances were consolidated and denied by the Inmate Grievance Review Committee ("IGRC") and the Superintendent.  *Id*.; *see also* Dkt. No. 3-2 at 25.

On June 3, 2016, after the completion of plaintiff's disciplinary hearing arising out of the misbehavior report he received for the weapon in his cell, plaintiff filed a retaliation grievance against defendant Bauersfeld based on his "irrational" determination of guilt, which was not supported by "substantial evidence[.]"  SAC at 7.  The grievance was denied by the IGRC on June 9, 2016.  *Id*. at 8; Dkt. No. 3-3 at 16.

On June 13, 2016, plaintiff appealed the Superintendent's denial of the consolidated grievances he filed on May 18 and May 24, 2016, to the Central Office Review Committee

4

("CORC"). SAC at 5; Dkt. No. 3-2 at 25. That same day, plaintiff appealed the IGRC's denial of the grievance that he filed against defendant Bauersfeld to the Superintendent. *See* Dkt. No. 3-3 at 16.

On July 18, 2016, the Superintendent upheld the IGRC's determination with respect to plaintiff's retaliation grievance against defendant Bauersfeld, and plaintiff appealed that ruling to CORC on July 21, 2016. Dkt. No. 3-3 at 18. Plaintiff submitted with his appeal copies of the grievances he authored against defendants Perkins and Van Fleet "to demonstrate that a narrative consisting of a continuing and on-going constitutional violation had occurred from 5/12/16 - 6/3/16[.]" SAC at 8.

CORC denied all relief requested in the consolidated grievances on November 9, 2016. SAC at 6. On December 28, 2016, CORC denied plaintiff's retaliation grievance against defendant Bauersfeld. *Id*. at 8.

The incidents that occurred between May 10 and June 3, 2016, were part of an ongoing effort to retaliate against plaintiff for complaining about defendant Van Fleet's misconduct. *See* SAC at 8-9.

Construed liberally, the second amended complaint asserts the following claims against the defendants: (1) First Amendment retaliation claims against defendants Van Fleet, Perkins, Graham, and Bauersfeld; and (2) a Fourteenth Amendment disciplinary due process claim against defendant Bauersfeld.

**C.    Analysis**

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February 2020 Order and it will not be restated in this Decision and Order. *See* February

2020 Order at 2-4.

### 1. Retaliation Claim that Survived Initial Review

The allegations in the second amended complaint are virtually identical to the allegations in the amended complaint with respect to plaintiff's retaliation claim against defendant Bauersfeld. *Compare* Am. Compl. *with* SAC.

Accordingly, and for the reasons set forth in the February 2020 Order, plaintiff's retaliation claim against defendant Bauersfeld once again survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 2. Previously Dismissed Claims

As noted in the February 2020 Order, all of plaintiff's Section 1983 claims are untimely. Moreover, as with the amended complaint, the second amended complaint only presents a basis for equitable tolling with respect to plaintiff's retaliation claim against defendant Bauersfeld, which was not fully exhausted until December 28, 2016.[2]

With respect to plaintiff's retaliation claims against defendants Van Fleet, Perkins, and Graham, plaintiff alleges that these claims are timely under the continuing violation doctrine because the retaliatory acts that occurred between May 12 and June 3, 2016, were part of an ongoing violation of plaintiff's constitutional rights, and the last retaliatory event -- defendant Bauersfeld's disciplinary determination -- was not fully exhausted until less than three years

---

[2] As noted in the February 2020 Order, following the mailbox rule and applying the presumption that plaintiff delivered his complaint to a prison official on the date it was signed, plaintiff filed his complaint in this action for statute of limitations purposes on December 26, 2019. *See* February 2020 Order at 11.

before plaintiff commenced this action.[3]

The continuing violation doctrine delays the accrual date for a claim challenging a discriminatory policy "'until the last discriminatory act in furtherance of [the discriminatory policy].'" *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (quoting *Cornwell v, Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)) (additional citation omitted). Thus, "the continuing violation doctrine is an 'exception to the normal knew-or-should-have-known accrual date.'" *Id*. (quoting *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999)).

The continuing violation doctrine applies to ongoing circumstances that combine to form a single violation that "cannot be said to occur on any particular day." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002). To show a continuing violation, a plaintiff "must 'allege both the existence of an ongoing policy . . . and some non-time-barred acts taken in the furtherance of that policy.'" *Shomo*, 579 F.3d at 182 (quoting *Harris*, 186 F.3d at 250).

The Second Circuit has held that "[t]he mere fact that the effects of retaliation are continuing does not make the retaliatory act itself a continuing one." *Gonzalez v. Hasty*, 802 F.3d 212, 222 (2d Cir. 2015) (citation omitted). Moreover, as noted in the February 2020 Order, the continuing violation doctrine does not apply to "discrete unlawful acts." *See* February 2020 Order at 10 (quoting *Albritton v. Morris*, No. 13-CV-3708, 2016 WL 1267799, at *10 (S.D.N.Y. Mar. 30, 2016) (quoting *Gonzalez*, 802 F.3d at 220)). Thus, "a continuing violation may not be based on the continuing effects of earlier unlawful conduct or on a completed unlawful act.*" McFadden v. Kralik*, No. 04-CV-8135, 2007 WL 924464, at *7

---

[3] The second amended complaint lacks any allegations regarding the timeliness of plaintiff's due process claim against defendant Bauersfeld. *See generally*, SAC.

(S.D.N.Y. Mar. 28, 2007) (holding that continuing violation doctrine did not apply because plaintiff's due process claim arose from his disciplinary hearing, which constituted a discrete incident); *see also Washington v. Cty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) ("Because [the Rockland County Sheriff's Department's] prosecution of the charges to ultimate disposition is wholly separable from the act of initiating the charges, we reject plaintiffs' contention that this series of separate acts should be characterized as an ongoing policy of continuous discrimination sufficient to toll the applicable statute of limitations."); *Konigsberg v. Lefevre*, 267 F. Supp. 2d 255, 262-63 (N.D.N.Y. 2003) ("A party cannot invoke the doctrine to avoid statute of limitations problems when he knew after each allegedly wrongful act that it was actionable, but chose not to file federal claims regarding them within the limitations period.").

Turning first to plaintiff's due process claim, as noted in the February 2020 Order, "[c]ourts in this District have generally set the accrual date for procedural Due Process claims related to disciplinary hearings either at the date of the disciplinary hearing or at the date the prisoner's final administrative appeal is decided." *See* February 2020 Order at 9 (quoting *Tafari v. Rock*, No. 11-CV-0057, 2012 WL 1424725, at * 2 (W.D.N.Y. April 24, 2012)). In addition, "the filing of an administrative appeal . . . is the proper mode of exhaustion." *Davis v. Jackson*, No. 15-CV-5359, 2016 WL 5720811, at *7 (S.D.N.Y. Sept. 30, 2016) (citing, *inter alia*, *Henson v. Gagnon*, No. 13-CV-590, 2015 WL 9809874, at *9 (N.D.N.Y. Dec. 10, 2015) ("[W]here an inmate's federal claims arise directly out of a disciplinary or administrative segregation hearing, (e.g., a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process, not by filing a separate grievance instead of or in addition to his ordinary appeal." (ellipses

8

and internal quotation marks omitted)), *report and recommendation adopted by* 2016 WL 204494 (N.D.N.Y. Jan. 15, 2016)). Thus, the limitations period began to run with respect to plaintiff's due process claim, at the latest, on August 22, 2016, when the disciplinary determination was administratively reversed. *See* February 2020 Order at 13-14.

Moreover, the second amended complaint is devoid of any allegations which plausibly suggest that the alleged violation of plaintiff's due process rights was part of an ongoing discriminatory policy. Rather, the allegations in the second amended complaint make clear that the alleged violation of plaintiff's due process rights was a discrete unlawful act. Thus, the allegations in the second amended complaint fail to provide a basis for the Court to toll the accrual date of the limitations period beyond August 22, 2016. Accordingly, plaintiff's due process claim is untimely.

With respect to plaintiff's retaliation claims, the second amended complaint lacks any allegations which plausibly suggest that the alleged acts of retaliation were part of a discriminatory policy. Furthermore, by plaintiff's own allegations, his administrative remedies were fully exhausted with respect to the alleged retaliatory acts by defendants Van Fleet, Perkins, and Graham on November 9, 2016. Plaintiff did not need to await the outcome of his retaliation grievance against defendant Bauersfeld before pursuing his retaliation claims against defendants Van Fleet, Perkins, and Graham, which are based on discrete events that occurred several days before plaintiff's disciplinary hearing even began. Thus, the statute of limitations with respect to plaintiff's retaliation claims against defendants Van Fleet, Perkins, and Graham began to run on November 9, 2016.

Stated differently, even assuming defendant Bauersfeld retaliated against plaintiff by wrongfully disciplining him because plaintiff engaged in protected activity with respect to the

9

alleged wrongdoing by defendants Van Fleet, Perkins, and Graham, this act of retaliation is a discrete event, and therefore cannot serve as a basis for extending the accrual date of the limitations period with respect to plaintiff's retaliation claims against defendants Van Fleet, Perkins, and Graham. *See Brown v. Smithem*, No. 15-CV-1458 (BKS/CFH), 2017 WL 1155825, at *5 (N.D.N.Y. Feb. 28, 2017) ("Although Brown asserts that he suffered from continuing harassment, such an allegation does not transform the discrete acts already alleged in his complaint into a continuing violation, as the statute of limitations for those discrete acts accrued on the date that 'all of the elements necessary to state the claim are present.'" (quoting *Smith v. Campbell*, 782 F.3d 93, 101 (2d Cir. 2015)), *report and recommendation adopted by* 2017 WL 1155827 (N.D.N.Y. Mar. 27, 2017); *Albritton*, 2016 WL 1267799, at *11 (finding no indication of an ongoing wrong where the plaintiff complained of discrete acts including writing "false ticket[s]", threats, and other acts of harassment). Accordingly, plaintiff's retaliation claims against defendants Van Fleet, Perkins, and Graham are untimely.

Based on the foregoing, plaintiff's Section 1983 claims, aside from his First Amendment retaliation claim against defendant Bauersfeld, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint, as modified, is accepted for filing and is the operative pleading; and it is further

**ORDERED** that plaintiff's First Amendment retaliation claim against defendant

Bauersfeld **SURVIVES** sua sponte review and requires a response; and it is further

ORDERED that plaintiff's remaining Section 1983 claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

ORDERED that a response to plaintiff's second amended complaint be filed by defendant Bauersfeld, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

ORDERED that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff and counsel for defendant Bauersfeld.

**IT IS SO ORDERED.**

Dated:  June 12, 2020
        Utica, New York.

_United States District Judge_